**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| DANNEL MAURICE MITCHELL, | ) | |
| # R-07374, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 16-cv-00484-SMY[1] |
| | ) | |
| DR. AFUWAPE, | ) | |
| JACY FULK, | ) | |
| PATRICK M. MICHEL, | ) | |
| JENNY BEHRENDS, | ) | |
| WEXFORD HEALTH SERVICES, INC., | ) | |
| MANESH PATEL, and | ) | |
| UNIVERSITY of ILLINOIS HOSPITAL, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff Dannel Maurice Mitchell is currently incarcerated at Vienna Correctional

Center.  In January 2016, he filed a civil rights action pursuant to 42 U.S.C. § 1983:  *Mitchell v.*

*Foster*, Case No. 16-cv-00097-MJR.  The many claims presented were eventually severed into

an additional four cases (*see* Case 16-cv-00097-MJR Doc. 16).   What were labeled as Counts 4

and 5 regarding Plaintiff's medical treatment while housed at Vandalia Correctional Center are

---

[1] Although the Complaint in Case No. 16-cv-97-MJR was not filed under seal, Chief Judge
Reagan *sua sponte* sealed his preliminary order (Doc. 16).  That order forms the basis of this
action and shall remain sealed.  However, because the Complaint was ordered filed in this case
un-sealed, and in light of the fact that Plaintiff himself has not sought to seal any documents in
either case, this preliminary order is not sealed.  "Documents that affect the disposition of federal
litigation are presumptively open to public view ... unless a statute, rule, or privilege justifies
confidentiality." *In re Specht,* 622 F.3d 697, 701 (7th Cir. 2010).  *See also City of Greenville, Ill.*
*v. Syngenta Crop Prot., LLC,* 764 F.3d 695, 697 (7th Cir. 2014); *Goesel v. Boley International*
*(H.K.) Ltd.,* 738 F.3d 831, 833 (7th Cir. 2013) (chambers opinion) (collecting citations); *Union*
*Oil Co. v. Leavell,* 220 F.3d 562, 568 (7th Cir. 2000).

proceeding in this action.

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless.  *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility."  *Id*. at 557.  At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff is HIV-positive and suffers from anxiety, depression, bipolar disease, post-traumatic stress disorder, chronic pain, peripheral neuropathy, chronic fatigue, headaches, cramps, overactive bladder, nausea and sleep interruption.   He attributes many of these symptoms to his HIV infection.  He is receiving medications for his mental health and HIV conditions.

According to the Complaint, beginning in November 2015, Defendant Doctor Afuwape ignored Plaintiff's medical concerns, treated him with improper medication and delayed

treatment.  Plaintiff  claims that he is in "awful pain" every day because of Defendant Afuwape's neglect.  He also claims that Defendants Fulk, Michel and Behrends are "accessories" to Defendant Afuwape's inadequate medical care because they were not receptive to Plaintiff's complaints of pain and other symptoms.  Plaintiff further alleges that Defendant Doctor Patel—a contract doctor from the University of Illinois Hospital—downplayed Plaintiff's concerns about his HIV status and spoke to him in an unprofessional manner.

Plaintiff seeks injunctive relief in the form of adequate medical care.  He also seeks compensatory and punitive damages.

## II.  Discussion

As framed by Chief Judge Reagan, the allegations in the Complaint present the following two claims, which shall be renumbered in this action:

> **Count 1** (formerly Count 4)**:**
> Eighth Amendment deliberate indifference claims against Defendants Afuwape, Fulk, Michel, Behrends, and Wexford Health Services, Inc., for failing to treat Plaintiff's pain and other serious medical conditions; and
>
> **Count 2** (formerly Count 5)**:**
> Eighth Amendment deliberate indifference claims against Defendants Patel and University of Illinois Hospital, for improperly treating Plaintiff's HIV condition.

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment.  U.S. CONST., amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010).  Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm, including health and safety.  *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012).  Prison officials can violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  A prison official may be liable "only if he knows

that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

Proving deliberate indifference, however, requires more than a showing of negligent or even grossly negligent behavior. *Id*. at 835. Rather, the corrections officer must have acted with the equivalent of criminal recklessness. *Id*. at 836–37. Once prison officials know about a serious risk of harm, they have an obligation "to take reasonable measures to abate it," even if harm is not averted. *Borello v. Allison*, 446 F.3d 742, 747 (7th Cir. 2006); *see also Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008).

Relative to medical professionals, erroneous treatment constituting a substantial departure from accepted medical judgment, practice or standards may constitute deliberate indifference. *See Gayton,* 593 F.3d at 623; *Jones v. Simek*, 193 F.3d 485, 490 (7th Cir. 1999). Physicians, such as Defendants Afuwape and Patel, are entitled to deference in treatment decisions "unless no minimally competent professional would have so responded under similar circumstances." *Sain v. Wood,* 512 F.3d 886, 894–95 (7th Cir.2008); *see Duckworth v. Ahmad,* 532 F.3d 675, 682 (7th Cir. 2008). Mere disagreement with a physician's chosen course of an inmate's medical treatment does not amount to deliberate indifference. *See Snipes v. DeTella,* 95 F.3d 586, 591(7th Cir. 1996); *Ciarpaglini v. Saini,* 352 F.3d 328, 331(7th Cir. 2003); *Garvin v. Armstrong,* 236 F.3d 896,898 (7th Cir.2001) (Courts will not takes sides in disagreements about medical personnel's judgments or techniques).

Nurses, such as Defendants Fulk, Michel and Behrends, "may generally defer to instructions given by physicians, 'but that deference may not be blind or unthinking, particularly if it is apparent that the physician's order will likely harm the patient.'" *Holloway v. Delaware*

*County Sheriff*, 700 F.3d 1063, 1075 (7th Cir. 2012) (quoting *Berry v. Peterman,* 604 F.3d 435, 443 (7th Cir. 2010)).

A corporate healthcare provider, such as Defendant Wexford Health Services—and, similarly an institution such as Defendant University of Illinois Hospital—cannot be held liable for its employees' constitutional violations simply because it is the employer. *See Shields v. Illinois Dept. of Corrections*, 746 F.3d 782 (7th Cir. 2014); *Maniscalco v. Simon*, 712 F.3d 1139, 1145 (7th Cir. 2013) (no *respondeat superior* liability for private corporation). However, the corporation can be liable if the plaintiff's harm is caused by its unconstitutional policy or practice. *See Shields*, 746 F.3d at 796; *Woodward v. Correctional Medical Services of Illinois, Inc.*, 368 F.3d 917 (7th Cir. 2004).

Here, the central allegations regarding deliberate indifference to Plaintiff's serious medical needs sufficiently fall within the ambit of the Eighth Amendment and state colorable claims in that respect, but the analysis does not end there. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). As already noted, the *respondeat superior* doctrine—supervisory liability—does not apply to actions filed under 42 U.S.C. § 1983. *See,* e.g., *Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008).

Although there is a speculative aspect to the Complaint, a liberal reading of the allegations is sufficient to establish the involvement of Defendants Afuwape, Fulk, Michel, Behrends and Patel. Any debate regarding whether Dr. Patel is a state actor must wait for another day because the Complaint asserts that he, by and through University of Illinois Hospital, is a contract healthcare provider for the state, offering specialty services for HIV-positive

inmates (Doc. 3, p. 5).  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822-30 (7th Cir. 2009) (discussing many factors (including a contract relationship) that determines if an "outside" healthcare provider qualifies as a state actor for liability under Section 1983).

With respect to Wexford Health Services and University of Illinois Hospital, the Complaint does not indicate any policy or practice that would render those entities liable (*see* Doc. 3-1, pp. 3-5).  Other than the listing of the defendants (Doc. 3, pp. 3, 5), Wexford Health Services and University of Illinois Hospital are not mentioned in the narrative of the Complaint. Consequently, consistent with the *Twombly* pleading standard, Wexford Health Services and University of Illinois Hospital will be dismissed without prejudice.

As Judge Reagan's Order severing the claims to form this case observed, Counts 1 and 2 (formerly Counts 4 and 5) may ultimately be severed further into separate cases, consistent with *George v. Smith*, 507 F.3d 605 (7th Cir. 2007).  For the time being, those claims shall proceed together in this case, because even though they involve two different sets of defendants, it appears that there may be overlap with respect to questions of fact and law regarding Plaintiff's health conditions and the defendants' responses to his medical needs.

## Disposition

IT IS HEREBY ORDERED, for the reasons stated, Defendants **WEXFORD HEALTH SERVICES, INC., and UNIVERSITY OF ILLINOIS HOSPITAL** are **DISMISSED without prejudice** from this action.

IT IS FURTHER ORDERED that **COUNTS 1 and 2** for deliberate indifference to Plaintiff's medical needs shall **PROCEED** against Defendants **AFUWAPE, FULK, MICHEL, BEHRENDS, and PATEL**.

The Clerk of Court shall prepare for Defendants **AFUWAPE, FULK, MICHEL,**

**BEHRENDS, and PATEL**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* may have been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 1, 2016**

s/ STACI M. YANDLE
**United States District Judge**