IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANNEL M. MITCHELL | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-CV-484-SMY-RJD |
| | ) |
| DR. AFUWAPE, et al. | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

Plaintiff Dannel Mitchell, an inmate incarcerated with the Illinois Department of Corrections, filed this civil rights action pursuant to 42 U.S.C. § 1983. In his two-count Complaint, Mitchell alleges that his constitutional rights were violated at Vandalia Correctional Center ("Vandalia"). Specifically, Mitchell asserts that various healthcare professionals at Vandalia violated his Eighth Amendment rights by failing to provide adequate medical treatment. Now pending before the Court are Mitchell's motions for preliminary injunctive relief (Docs. 46 and 49). For the following reasons, the motions are **DENIED**.

In May 2016, after filing this lawsuit, Mitchell was transferred from Vandalia to Shawnee Correctional Center ("Shawnee") (*see* Doc. 6). Mitchell filed his motions for preliminary injunctive relief on September 26, 2016 (Doc. 46) and October 11, 2016 (Doc. 49). In the motions, Mitchell states that on September 19, 2016, he visited Dr. David at the Shawnee Health Care Unit. Mitchell told Dr. David that he had developed a "tumor like growth" in his left nostril and that the growth was causing "breathing problems, pain, severe headaches, sleep interruption and temporarily-sporadic [sic] blindness." (Doc. 46, p. 1). Dr. David examined Mitchell and told him not to worry about it (Doc. 46, p. 2). Dissatisfied with the medical care received, Mitchell

1

asks that the Court issue an injunction that would provide him with "a comprehensive treatment plan of care" (Doc. 46, p. 1).

There are several problems with Mitchell's request. First, the medical treatment at issue is outside the scope of Mitchell's original Complaint. "A preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally" but a preliminary injunction is improper if "it deals with a matter lying wholly outside the issues in the suit." *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). Mitchell's original Complaint focuses on the medical treatment (or lack thereof) he received at Vandalia. However, the nostril growth issue developed while Mitchell was at Shawnee. Neither the warden of Shawnee nor Dr. David are parties to this lawsuit. If Mitchell wishes to pursue this issue, he must seek leave to file an amended complaint that includes these new allegations or file a new lawsuit.

Additionally, there is no indication that Mitchell exhausted administrative remedies as to the nostril growth medical treatment issue. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e *et seq.*, requires prisoners to exhaust available administrative remedies before filing conditions of confinement lawsuits in federal court. Mitchell filed a motion for a preliminary injunction one week after his September 19, 2016, medical examination with Dr. David. One of the primary goals of the PLRA exhaustion requirement is that correction institutions be given the opportunity to resolve inmate problems before an inmate seeks relief federal court. As such, Mitchell should complete the Illinois Department of Corrections grievance process before seeking an injunction.

For these reasons, Mitchell's motions for preliminary injunctive relief are denied.

**IT IS SO ORDERED.**

**DATED: November 2, 2016**

                <u>**s/ Staci M. Yandle**</u>
                **STACI M. YANDLE**
                **United States District Judge**